### CALIFORNIA MOTHER INFANT PROGRAM, Plaintiff,

v.

### STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant.

### No. 98–2173–IEG(AJB).

United States District Court,
S.D. California.

Feb. 24, 1999.

Beatrice W. Kemp, San Diego, CA, for plaintiff.

Attorney General, State of California, Office of the Attorney General, San Diego, CA, for defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

GONZALEZ, District Judge.

### BACKGROUND

Plaintiff California Mother Infant Program ("CMI") is a California corporation that provides "alternative methods of incarceration for inmates who are the mothers of children 6 years of age and younger." (First Am.Compl. ("Compl.") at 2.) In 1985, CMI was assigned a contract with defendant California Department of Corrections (the "Department"), an agency of the state of California, under which CMI agreed to provide its services in return for compensation. *See generally* Cal.Penal Code § 6258 (allowing the "Director of Corrections [to] contract for the establishment and operation of separate community correctional reentry centers for men and women"). The parties renewed the three-year contract in 1986, 1989, and 1992. From 1995 until 1997, they renewed the contract through one-year extensions. On June 30, 1997, the Department terminated contractual relations between the parties.

CMI filed suit in state court on June 29, 1998. CMI's first amended complaint ("complaint") alleges four causes of action. Three of these are state law claims. CMI's fourth cause of action alleges race discrimination under 42 U.S.C. § 1981[1] and the California Constitution.

---

1. The Department mistakenly characterizes CMI's race discrimination claim as being brought pursuant to 42 U.S.C. §§ 1981 and

On November 30, 1998, the Department removed the case to this Court. Both parties have filed opposing motions that are now before the Court. This Order addresses CMI's motion to remand.[2]

## DISCUSSION

### A. Applicable Law

Removal of a case to federal court is governed by 28 U.S.C. § 1441, which allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Where "one or more non-removable claims or causes of action" are joined to the claim that allows removal, "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). Once a case is removed, the non-removing party can move for remand. *See id.* § 1447.

### B. Analysis

■ The Eleventh Amendment bars any claims by an individual against a state or state agency. *See* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 9–11, 14–15, 10 S.Ct. 504, 33 L.Ed. 842 (1890) (holding that the Eleventh Amendment bars a suit by a citizen against his or her own state); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit."); *cf. NAACP v. California*, 511 F.Supp. 1244,

1250 (E.D.Cal.1981) ("Thus, for example, the bar against suit imposed by the Eleventh Amendment applies with equal vigor in the context of actions based on 42 U.S.C. § 1983 and in the context of actions based on 42 U.S.C. § 1981."), *aff'd* 711 F.2d 121 (9th Cir.1983). Both parties agree that the Department is a state agency and that the Eleventh Amendment applies.

■ The Eleventh Amendment's sovereign immunity doctrine is unique in that it resembles a cross between a subject matter jurisdictional limitation and a personal jurisdictional limitation on the Court's power. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 118 S.Ct. 2047, 2055, 141 L.Ed.2d 364 (1998) (Kennedy, J., concurring). Like a personal jurisdictional limitation, Eleventh Amendment immunity can be waived, a court need not raise the immunity issue on its own, and the immunity extends to individual claims rather than to entire cases; in spite of this, the defense can be raised by the state at any stage of the litigation, like a subject matter jurisdictional limitation. *Compare Edelman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (stating that "the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court" but instead can be raised on appeal") *with Patsy v. Board of Regents*, 457 U.S. 496, 515 n. 19, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (citing *Edelman* but stating that "because of the importance of state law in analyzing Eleventh Amendment questions and because the State may, under certain circumstances, waive this defense, we have never held that it is jurisdictional in the sense that it must be raised and decided by this Court ·on its own motion"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 79 L.Ed.2d 67

---

1983. This is contrary to the complaint, which only makes a section 1981 claim.

**2.** The reasoning of this Order applies equally to the Eleventh Amendment defense the Department asserts in its competing motion to dismiss.

(1984) ("A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment.").

### 1. Remand

In this case, the Department removed to federal court based on the section 1981 claim. Both parties agree that this claim is subject to an Eleventh Amendment defense,[3] making the nature of the Eleventh Amendment bar particularly significant in this case. If the Eleventh Amendment bar is more akin to a limitation on the Court's subject matter jurisdiction, as CMI argues, then the case was improperly removed and should be remanded. If, however, the bar is more akin to a personal jurisdictional limitation, then the case is properly before this Court.

CMI relies on *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332 (6th Cir.1990), where the Sixth Circuit held that when a case is removed to federal court and there are claims that are clearly barred by the Eleventh Amendment, the court should remand the barred claims back to state court rather than dismiss them. *See id.* at 338. Other cases have gone further, finding that where the Eleventh Amendment bars one removed claim, the entire case should be remanded to state court, even if federal question claims remain that would otherwise support federal jurisdiction. *See, e.g., Frances J. v. Wright*, 19 F.3d 337, 341 (7th Cir.1994). *But see Kruse v. Hawai'i*, 68 F.3d 331, 335 (9th Cir.1995) (holding "that an Eleventh Amendment bar against some of the claims of an action does not prevent removal of the action"). CMI's reliance on this line of cases is misplaced, because these cases have been overruled either directly or implicitly by the Supreme Court's 1998 decision in *Schacht*.

*Schacht* addressed the question of whether an Eleventh Amendment bar to some claims in a case prevents a federal court from maintaining removal jurisdiction over the rest of the claims. *See* 118 S.Ct. at 2051–52. The Seventh Circuit, following *Frances*, held that an Eleventh Amendment bar to any claims precluded removal jurisdiction. *See Schacht v. Wisconsin Dep't of Corrections*, 116 F.3d 1151, 1152–54 (7th Cir.1997). The Supreme Court reversed, holding that:

> A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims in the case before us. A federal court can proceed to hear those other claims, and the District Court did not err in doing so.

*Schacht*, 118 S.Ct. at 2054.

The Supreme Court's holding in *Schacht* does not extend to the factual situation here, i.e., where an Eleventh Amendment claim bars the only claim upon which removal was premised. In this regard, the Supreme Court explicitly declined to resolve the question of whether the Eleventh Amendment bar is an actual bar to subject matter jurisdiction. *See id.* (noting that "the assumption that Eleventh Amendment immunity is a matter of subject matter jurisdiction" is "a question we have not decided"). In spite of this, the reasoning adopted in *Schacht* rejects CMI's position.

Critical to the Supreme Court's reasoning in *Schacht* were two facts: that at the

---

**3.** At the hearing, the Department clearly stated that it only asserted an Eleventh Amendment defense against the section 1981 claim. The Court is uncertain why the Department made this assertion, in light of the fact that the Eleventh Amendment applies equally to state law claims. *See Pennhurst*, 465 U.S. at 117, 104 S.Ct. 900 ("The reasoning of our recent decisions on sovereign immunity thus leads to the conclusion that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when—as here—the relief sought and ordered has an impact directly on the State itself."). While the Department may have been attempting to waive its Eleventh Amendment immunity as to the state claims, the Court need not resolve this issue, as the Court determines that defendant has waived its *entire* Eleventh Amendment immunity.

time the suit was brought it was possible that the Eleventh Amendment defense might be waived, and that at the time it was brought in state court there was no Eleventh Amendment defense available. *See id.* 118 S.Ct. at 2053. The Supreme Court compared the raising of an Eleventh Amendment defense to the situation where "a later event ... destroys previously existing jurisdiction. In such cases, a federal court will keep a removed case." *Id.*

▮ Under this reasoning, the removal was proper here. There was no Eleventh Amendment defense available at the time the suit was originally brought in state court and it was possible that the agency would waive its Eleventh Amendment immunity in federal court. Thus, the agency could properly remove to federal court and even though it immediately attempted to raise an Eleventh Amendment defense, removal remained proper. Accordingly, the Court denies CMI's motion to remand.[4]

## 2. Waiver of Eleventh Amendment Immunity

Even though CMI's case cannot be remanded for lack of subject matter jurisdiction, CMI asserts an alternative means of avoiding the Eleventh Amendment bar. It argues that the Department waived its immunity by intentionally removing the action to federal court. In light of *Schacht,* this presents an issue of first impression.

Justice Kennedy concurred in *Schacht* to discuss whether, by removing a case from state to federal court, the state intentionally waived its Eleventh Amendment immunity. *See* 118 S.Ct. at 2054–57 (concluding that the waiver issue did not need to be resolved because it "was not addressed either by the parties or the Court of Appeals"). *See generally Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.,* 810 F.2d 869, 873 (9th Cir.1987) (finding a waiver where "(1) the state expressly consents to federal jurisdiction in the con-

text of the litigation, [or] (2) a state statute or constitutional provision expressly provides for suit in a federal court." (citation omitted)). Justice Kennedy's analysis is relevant here: "[b]y electing to remove, the State created the difficult problem confronted in the Court of Appeals and now here. This is the situation in which law usually says a party must accept the consequences of its own acts." *Schacht,* 118 S.Ct. at 2055.

Although Justice Kennedy seemed to indicate that removal to federal court would often constitute a waiver of Eleventh Amendment rights, he noted several potential problems with such a rule under current Eleventh Amendment jurisprudence. *See id.* 118 S.Ct. at 2055–57. He referred to the fact that the Eleventh Amendment immunity is a unique defense in that it can be raised for the first time on appeal, *see id.* at 2055 ("I have my doubts about the propriety of this rule."), but he stated that "[e]ven if appearing in federal court and defending on the merits is not sufficient to constitute a waiver, a different case may be presented when a State under no compulsion to appear in federal court voluntarily invokes its jurisdiction." *Id.*

Justice Kennedy also considered the case law that has held that the attorneys representing the state actually must be authorized to waive the Eleventh Amendment immunity. *See Estate of Porter v. Illinois,* 36 F.3d 684, 690–91 (7th Cir.1994); *Silver v. Baggiano,* 804 F.2d 1211, 1214–15 (11th Cir.1986); *Gwinn Area Community Schools v. Michigan,* 741 F.2d 840, 846–47 (6th Cir.1984); *Newfield House, Inc. v. Massachusetts Dep't of Pub. Welfare,* 651 F.2d 32, 36 n. 3 (1st Cir.1981). These cases follow *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), where the Supreme Court rejected a waiver argument because it found that the attorney lacked the power to waive the state's immunity.

---

4. Because the Court denies CMI's motion to remand, it also denies CMI's request for costs

and fees for having to file the remand motion.

*Id.* at 468–69, 65 S.Ct. 347 (noting that the state had "a policy prohibiting state consent to suit in one particular case in the absence of a general consent to suit in all similar causes of action"). Following this rule, the appellate courts have agreed with or rejected claims of waiver by looking to whether the state's law actually authorized the attorney to waive sovereign immunity. The cases seemingly differ in the showing of attorney authority they require. *Compare Newfield House, Inc.,* 651 F.2d at 36 n. 3 ("The state Attorney General has necessarily represented that he has [waiver] power by haveing [sic] this case removed, and we have found nothing in our review of Massachusetts law to contradict this view.") *with Estate of Porter,* 36 F.3d at 691 ("As Illinois now stands, the Attorney General is *not* authorized to waive Illinois' Eleventh Amendment immunity.").

■ Although Justice Kennedy questioned the continued validity of *Ford Motor Co., see Schacht,* 118 S.Ct. at 2056–57, California's law appears to allow the Attorney General to waive immunity as required by *Ford Motor Co., see* Cal. Const. art. III, § 5 ("Suits may be brought against the state in such manner and in such courts as shall be directed by law."); *cf.* Cal. Gov't Code § 960.5 ("The Attorney General, until he is so relieved of further responsibility, shall have full authority to bind the public agency by stipulation or admission."). While California's general rule on sovereign immunity is not sufficient to support a finding of waiver in most situations, *see Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) (finding that Cal. Const. art. III, § 5 "does not specifically indicate the State's willingness to be sued in federal court"), it does support this Court's finding that where the Attorney General's office intentionally invoked federal jurisdiction, it was authorized in doing so to waive California's Eleventh Amendment immunity.

A related problem is the Court's traditional reticence to find constructive waivers of Eleventh Amendment rights. In *Edelman* and *Atascadero,* the Supreme Court was faced with the argument that a state's participation in a federally-funded program was sufficient to constitute a waiver of its Eleventh Amendment immunity for acts related to that program. In *Edelman,* the Court stated:

> In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction. We see no reason to retreat from the Court's statement in *Great Northern Life Insurance Co. v. Read,* *[*322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944)*]:* "[W]hen we are dealing with the sovereign exemption from judicial interference in the vital field of financial administration a clear declaration of the state's intention to submit its fiscal problems to other courts than those of its own creation must be found." The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.

415 U.S. at 673, 94 S.Ct. 1347 (citations and quotations omitted) (alterations in original).

In *Atascadero,* the Supreme Court was faced with a waiver argument that relied, in part, on the above-cited language from the California Constitution, which appears to generally waive sovereign immunity absent an affirmative adoption of the defense. *See Atascadero,* 473 U.S. at 241, 105 S.Ct. 3142 (citing Cal. Const. art. III, § 5). The Court stated that:

> The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one. Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the

Eleventh Amendment. As we explained just last Term, a State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued. Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*. In view of these principles, we do not believe that Art. III, § 5, of the California Constitution constitutes a waiver of the State's constitutional immunity. This provision does not specifically indicate the State's willingness to be sued in federal court. Indeed, the provision appears simply to authorize the legislature to waive the State's sovereign immunity. In the absence of an unequivocal waiver specifically applicable to federal-court jurisdiction, we decline to find that California has waived its constitutional immunity. *Id.* (citations and quotations omitted) (emphasis in original).

■ Justice Kennedy distinguished both of these cases by finding that "[h]ere the State's consent amounted to a direct invocation of the jurisdiction of the federal courts, an act considerably more specific than the general participation in a federal program found insufficient in *Atascadero* and *Edelman.*" *Id.* 118 S.Ct. at 2057. The Court adopts this view. While here there has been no express language of waiver, the agency has explicitly invoked federal jurisdiction to take this case out of its own courts, where it would otherwise be subject to suit. This situation is similar to those in which the Supreme Court has found that the intentional invocation of federal jurisdiction waives Eleventh Amendment immunity. *See id.* at 2055–56 (citing *Gardner v. New Jersey,* 329 U.S. 565, 574, 67 S.Ct. 467, 91 L.Ed. 504 (1947) ("When the State becomes the actor and files a claim [in bankruptcy court] against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim."); *Gunter v. Atlantic Coast Line R.R. Co.,* 200 U.S. 273, 284, 26 S.Ct. 252, 50 L.Ed. 477 (1906)

("[W]here a state voluntarily become a party to a cause, and submits its rights for judicial determination, it will be bound thereby, and cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment."); *Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780 (1883) ("The immunity from suit belonging to a state, which is respected and protected by the constitution within the limits of the judicial power of the United States, is a personal privilege which it may waive at pleasure; so that in a suit, otherwise well brought, in which a state had sufficient interest to entitle it to become a party defendant, its appearance in a court of the United States would be a voluntary submission to its jurisdiction."). Indeed, this is an especially compelling case for finding waiver because the agency has shown no prejudice that it would have faced by remaining in state court. It was not even subject to pressure from co-defendants to remove the case to federal court against its better interests, but instead made the decision completely by itself.

The agency took the affirmative act of removing this case to federal court and it then opposed plaintiff's attempt to remand the case to state court. Where there was no need to take these actions, the Court finds that the agency expressly waived its Eleventh Amendment immunity.

## CONCLUSION

For the foregoing reasons, CMI's motion to remand is **DENIED.** However, the Court hereby **FINDS** that in removing this action to federal court, the Department has intentionally waived its Eleventh Amendment immunity.

**IT IS SO ORDERED.**

Section 1981 prevents discrimination on the basis of race in the "mak[ing] and enforce[ment] of contracts." 42 U.S.C. § 1981.