**Marilyn EDWARDS, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.**

Civ. No. 93–20082 SW.

United States District Court, N.D. California.

March 26, 1994.

Michael J. Korda, Clark & Korda, San Jose, CA, Michael J. Korda, Korda Johnson & Wall, San Jose, CA, for plaintiff.

Susan H. Ross, Sheppard Mullin Richter & Hampton, San Francisco, CA, Stephen D.

Shawe, Alisa H. Reff, Shawe & Rosenthal, Baltimore, MD, Michael M. Bradshaw, Haworth Bradshaw & Chaney, Inc., San Jose, CA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPENCER WILLIAMS, District Judge.

Plaintiff Marilyn Edwards brought this action against defendant United States Fidelity and Guaranty Company ("USF & G"), alleging various causes of action arising from USF & G's decision to rescind an offer of promotion and transfer she had accepted. USF & G now moves for summary judgment. For the reasons expressed below, USF & G's motion is GRANTED.

### BACKGROUND

Marilyn Edwards was employed by USF & G as a supervisor/underwriter in the company's San Jose branch office. In April, 1992, Edwards became aware of an opening for a project manager in the company's Information Services Department located in Baltimore, Maryland. Edwards was coincidentally scheduled for training in Baltimore and was interviewed for the position while she was there. A few weeks later, she was orally offered the position, which she accepted. In anticipation of the transfer, Edwards and her husband listed their house for sale and her husband gave notice to his employer that he would be moving to Baltimore.

After arranging a starting date for the new position, Edwards was involved in an incident with Shawn DuCommun, a commercial lines technician in Edwards' department. According to USF & G, Edwards humiliated DuCommun in front of other employees by talking down to her regarding DuCommun's thoughts about a form DuCommun was helping to prepare. Specifically, USF & G contends that Edwards told DuCommun, "I probably should not say this because you're going to take offense, and it is rude, but, as far as what management requires, I don't care what you think, or the techs think or need."

Edwards' supervisor, Laura DuBois, observed the incident and, after meeting with two other employees who overheard the conversation, reported what had happened to Al Meier, the San Jose branch manager. Meier and DuBois decided to formally counsel Edwards and place her on 60 days probation, as Edwards had previously been counseled regarding problems communicating with subordinates. In addition, Meier informed the Baltimore office about the incident. Consequently, managers in the Baltimore office rescinded the offer they had made to Edwards.

Upon receiving word of the rescission, Edwards and her husband removed their house from the market and he advised his employer of the changed circumstances. Mr. Edwards' employer allowed him to withdraw his resignation and he continued to work without losing any time.

After Edwards enlisted the assistance of an attorney, the company offered to give her a "fresh start" in San Jose by taking her off probation and removing any negative comments about her from her personnel file. Because the offer did not reinstate the promotion and transfer, Edwards refused it.

Edwards continued to work in her position at the San Jose branch office until April 15, 1993, when she was discharged during a reduction in force. Prior to being discharged, she filed this action, alleging breach of contract, breach of the covenant of good faith and fair dealing and negligent infliction of emotional distress. She also filed a workers compensation claim related to the last of these causes of action.

### DISCUSSION

#### I. LEGAL STANDARD

A court may grant a motion for summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

1. Burdens

The moving party bears "the initial responsibility of informing the district court of the basis for its motion...." *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322, 106 S.Ct. at 2552. However, the moving party is not required to *negate* those portions of the nonmoving party's claim on which the nonmoving party bears the burden of proof. *Id.*

■■■ Once the moving party demonstrates that there is no genuine issue of material fact, the nonmoving party must designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553. The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

### 2. Weighing the Evidence

■■■ The adjudication of a summary judgment motion is not a "trial on affidavits." *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Credibility determinations and weighing of the evidence are solely jury functions. *Id.* at 255, 106 S.Ct. at 2513. Inferences drawn from underlying facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)).

## II. ANALYSIS

### A. Edwards' Contract Claims

### 1. Choice of Law

■■■ The threshold issue the Court must resolve is whether California or Maryland law governs this action. Edwards argues that the Court is bound by California authority while USF & G contends that Maryland law applies.

■■■ A district court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits. *Waggoner*

*v. Snow, Becker, Kroll, Klaris & Krauss,* 991 F.2d 1501, 1506 (9th Cir.1993). California courts apply a two-prong test in answering a choice of law question. First, the court must examine the law of each state to determine whether the laws of the two jurisdictions truly conflict. *Id.* If they do, the court must apply the law of the state whose interest would be more impaired if its law were not followed. *Id.* at 1507. The Court will apply this test to each issue raised by USF & G.

■■■ The company's first contention is that Edwards and USF & G had no contract with respect to her promotion and transfer to Baltimore. However, under both Maryland law and California law Edwards and USF & G had an at-will employment contract since it was of indefinite duration. *See Adler v. American Standard Corp.,* 538 F.Supp. 572, 581 (D.Md.1982); Cal.Lab.Code § 2922; *Sheppard v. Morgan Keegan & Co.,* 218 Cal. App.3d 61, 66–67, 266 Cal.Rptr. 784, 786 (1990).

■■■ The company argues next that the nature of the contract precludes Edwards from prevailing on her claim that the company breached the implied covenant of good faith and fair dealing. Maryland does not recognize such claims in at-will employment relationships unless the action is violative of public policy or a statutory restriction. *Adams v. Catalyst Research, Division of Mine Safety Appliances Co.,* 659 F.Supp. 163, 164 (D.Md.1987); *Suburban Hospital, Inc. v. Dwiggins,* 324 Md. 294, 303, 596 A.2d 1069, 1073 (1991). In California, however, the covenant of good faith and fair dealing is implied in employment contracts and obligates an employer to exercise in good faith its power to terminate. *Sheppard,* 218 Cal. App.3d at 67, 266 Cal.Rptr. at 787. In addition, an employer's conduct in this type of situation is governed by the doctrine of promissory estoppel. *Id.*

Finally, the company contends that Edwards has suffered no compensable damages. Neither of the parties has cited any Maryland authority and the Court is aware of none which addresses this issue. However, other jurisdictions have limited plaintiffs in Edwards' situation to reliance damages, *See*

*Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114, 116 (Minn.1981), or have precluded all damage claims. *See Rosatone v. GTE Sprint Communications*, 761 S.W.2d 670, 672 (Mo.Ct.App.1988). In a California case, the Ninth Circuit noted that when an employer rescinds an offer of at-will employment to a prospective employee, the employee is entitled to reliance damages but not expectancy damages. *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1271 (9th Cir.1990).

As is evident from this discussion, Maryland law and California law conflict only as to whether someone in Edwards' position may bring a cause of action for breach of the implied covenant of good faith and fair dealing. Given this conflict, the Court must weigh the governmental interests at stake.

 The governmental interests in this case favor the application of Maryland law. In a contract dispute where the parties have made no effective choice of law, California courts analyze "relevant contacts" to appraise the governmental interests implicated in the action. *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*, 14 Cal.App.4th 637, 645, 17 Cal.Rptr.2d 713, 718 (1993). Relevant contacts include (1) the place of contract formation; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the residence or place of incorporation and place of business of the parties. *Id.* (quoting Restatement Second of Conflict of Laws, § 188(2)). In this case, Edwards was interviewed for the position in Baltimore, the work was to be performed in Baltimore, all the individuals with whom she was dealing were located in Baltimore and USF & G is incorporated in Maryland. The only contact the company had with California in this transaction was the offer Edwards received by telephone from Baltimore. This contact, without more, is simply too tenuous to justify the application of California law.

### 2. The Merits of Edwards' Contract Claims

 As discussed above, Edwards had an employment contract, terminable at will by either party. Under such circumstances, had she begun working in her new position and was later discharged, she would have no cause of action. *See Adler*, 538 F.Supp. at 581. Given this result, it would be illogical to allow her to recover for USF & G's anticipatory repudiation. Thus, as a matter of law, USF & G is entitled to summary judgment on the breach of contract claim.

 Under Maryland law, Edwards cannot bring an action for breach of the covenant of good faith and fair dealing. *Adams*, 659 F.Supp. at 164; *Suburban Hospital*, 324 Md. at 309, 596 A.2d at 1076–1077. Even if this cause of action was viable, Edwards has presented no evidence demonstrating that in rescinding its offer, USF & G acted in bad faith and with the intent to frustrate her right to receive the benefits of the agreement. Thus, Edwards' claim against USF & G for breach of the covenant of good faith and fair dealing fails.

 Finally, Edwards has cited no evidence to support her claim for damages. Although there is no Maryland authority addressing this issue, the Court assumes that Maryland courts would limit Edwards' recovery to reliance damages given that her contract was terminable at will. However, she did not forgo any pay in her position as a supervisor/underwriter, nor did her husband in his job. The couple removed their house from the market and there is no evidence demonstrating that they incurred costs as a result of that action. Therefore, even if Edwards were to prevail on either of her two contract claims, she has not produced any evidence that she sustained compensable damages.

### B. Edwards' Claim for Negligent Infliction of Emotional Distress

 USF & G also moves for summary judgment on Edwards' claim for negligent infliction of emotional distress. In support of its motion, USF & G tacitly agrees that California law governs this particular claim and argues that it is barred by the exclusive remedy provisions of California workers' compensation statutes. In opposition, Edwards contends that her promotion and transfer agreement was completely separate

from the normal part of her employment with USF & G.

Edwards' argument is unpersuasive. When an employee sustains emotional distress injuries due to an employer's action and the action is a normal part of the employment relationship, the employee's remedies are limited to those provided by California's workers' compensation scheme. *Livitsanos v. Superior Court,* 2 Cal.4th 744, 754, 7 Cal.Rptr.2d 808, 815, 828 P.2d 1195, 1202 (1992); *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 160, 233 Cal.Rptr. 308, 315, 729 P.2d 743, 749 (1987). Promotions, demotions, and criticism of work practices are all covered by those provisions. *Cole,* 43 Cal.3d at 160, 233 Cal.Rptr. at 315, 729 P.2d at 749. The fact that Edwards and USF & G had a contract regarding the promotion and transfer, which USF & G terminated, does not change this result. Such transactions are a regular part of employer-employee relationships and it is difficult to imagine how promotions might otherwise be effected. Were this Court to open the door to Edwards' argument, it would eviscerate the exclusivity provisions of the California workers compensation scheme. Thus, this cause of action is barred.

Furthermore, "[a]n employer's supervisory conduct is inherently 'intentional.'" *Id.* Thus, where the conduct alleged is intentional, it cannot be used as a basis for a negligent infliction of emotional distress claim. *Semore v. Pool,* 217 Cal.App.3d 1087, 1105, 266 Cal.Rptr. 280, 291 (1990). Because that is the situation in this case, Edwards' claim for negligent infliction of emotional distress is precluded as a matter of law.

Therefore, USF & G's motion for summary judgment is GRANTED.

IT IS SO ORDERED.