74 F.3d 1245
 11 IER Cases 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marilyn EDWARDS, Plaintiff-Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.
 No. 94-15735.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Jan. 3, 1996.
 
 1
 Before: SCHROEDER, ALARCON, Circuit Judges, and WHALEY,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Marilyn Edwards appeals the district court's summary judgment in favor of United States Fidelity & Guaranty Company ("USF & G") in Edwards' diversity action. Edwards contends that USF & G breached an employment contract and the covenant of good faith and fair dealing. She also contends that the district court erred by applying Maryland law rather than California to resolve the claims in this case. We have jurisdiction under 18 U.S.C. Sec. 1291, and we affirm because we are in essential agreement with the district court's opinion in Edwards v. U.S.F. & G, 848 F.Supp. 1460 (1994).
 
 
 4
 In September 1991, Marilyn Edwards was hired by USF & G in the company's California branch office. In April 1992, Edwards interviewed for a position at USF & G's home office in Maryland during a scheduled trip for company training. USF & G offered Edwards the position and she accepted. On June 9, 1992, however, an incident occurred between Edwards and one of her co-workers in the San Jose office which resulted in her being placed on probation. The San Jose office notified USF & G's Maryland office about the incident, and consequently, the Maryland office rescinded its promotion and transfer offer.
 
 
 5
 This court reviews de novo the district court's order granting summary judgment. Cleary v. News Corp., 30 F.3d 1255, 1259 (9th Cir.1994); Waggoner v. Snow, Becker, Kroll, Klaris & Krauss, 991 F.2d 1501, 1505 (9th Cir.1993). This court also reviews de novo the district court's ruling on choice of law, and its interpretation of the state law. Waggoner, 991 F.2d at 1505.
 
 
 6
 As a threshold matter, Edwards contends that California law rather than Maryland law governs the causes of action in this case. Edwards, however, cannot prevail under the law of either jurisdiction.
 
 
 7
 Edwards' employment contract contained no fixed term of employment or termination date. Under both California and Maryland law, an employment contract of indefinite duration is an at-will contract and can be terminated without cause by either party. See Adler v. American Standard Corp., 538 F.Supp. 572, 581 (D.Md.1982); Suburban Hospital, Inc. v. Dwiggins, 596 A.2d 1069, 1073 (1991); Cal.Lab.Code Sec. 2922 (West 1995); Sheppard v. Morgan Keegan & Co., 266 Cal.Rptr. 784, 786 (1990).
 
 
 8
 Edwards contends that her contract to work in Maryland was not at-will, but terminable for cause because the promotion and transfer was supported by independent consideration in the form of Edwards' promise to move to Maryland. This contention lacks merit.
 
 
 9
 Under California law, mere relocation, in and of itself, does not constitute independent consideration, absent evidence that the employee explicitly bargained for such consideration. See Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1272 n. 8 (9th Cir.1990). Maryland law appears to be similar in that relinquishing alternative employment will not provide independent consideration that will convert an at-will-employment contract into a contract of employment that is terminable only for good cause. See Adler, 538 F.Supp. at 581.
 
 
 10
 Where, as here, the plaintiff alleges that conduct other than discharge violated the covenant of good faith and fair dealing, recognized only in California, cf. Adams v. Catalyst Research, Div. of Mine Safety Appliances, 659 F.Supp. 163, 164 (D.Md.1987) (covenant of good faith and fair dealing not recognized in an at will employment contract), the only remedy is reliance damages. See Comeaux, 915 F.2d at 1271-72. Plaintiff had none. Thus even under California law, summary judgment was appropriate. See Cleary, 30 F.3d at 1259.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3