Larry WATKINS, Plaintiff,

v.

**CALIFORNIA DEP'T OF CORRECTIONS, et al.,**
Defendants.

**No. SACV99–339 AHS(ANx).**

United States District Court,
C.D. California,
Southern Division.

June 21, 2000.

Larry Watkins, pro per.

Bill Lockyer, Attorney General of State of California, Silvia M. Diaz, Supervising Deputy Attorney General, Gabrielle Harner Brumbach, Deputy Attorney General, Los Angeles, CA, for defendants.

AMENDED ORDER: (1) REMANDING CLAIMS 1, 3, 4, 5, AND 6 OF FIRST AMENDED COMPLAINT TO STATE COURT; (2) DISMISSING CLAIM 2 OF FIRST AMENDED COMPLAINT WITH PREJUDICE, AS ASSERTED AGAINST INDIVIDUAL DEFENDANTS

STOTLER, District Judge.

## I.

### *SUMMARY*

The Court concludes that the Eleventh Amendment will not permit Claims 1, 3, 4,

5, and 6 of the First Amended Complaint ("FAC") to be brought in federal court either against the California Department of Corrections ("CDC") or against the individual defendants in their official capacities. Moreover, the Court declines to exercise supplemental jurisdiction over those claims as they relate to the individual defendants in their personal capacities. Accordingly, Claims 1, 3, 4, 5, and 6 of the FAC are remanded to state court.

In addition, the Court concludes that Claim 2 of the FAC should be dismissed with prejudice as against the individual defendants. The Court retains jurisdiction over Claim 2 against the CDC only.

## II.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff Larry Watkins is an African American man who has been employed in the Parole and Community Services Division of the CDC since July, 1986. On November 19, 1998, he filed a complaint in Los Angeles County Superior Court against his employer, and a number of CDC employees, including defendants Hugh Watkins, Ken Ford, Regina Stevens, Levan Bell, and Michael Mays. The complaint asserted six causes of action: (1) racial discrimination under California Government Code §§ 3300–11; (2) due process violations compensable under 42 U.S.C. § 1983; (3) retaliation in violation of California Government Code §§ 12940–48; (4) intentional infliction of emotional distress; (5) defamation; and (6) invasion of privacy. Plaintiff alleges that by and through the individual defendants, the CDC subjected plaintiff to a pattern of abusive conduct based on racial animus. Defendants' actions allegedly included the creation of a hostile work environment through the display of Nazi insignia, the initiation of biased internal affairs investigations of plaintiff, and the imposition upon plaintiff of unwarranted disciplinary sanctions. Defendants also allegedly required plaintiff to submit to a psychological examination without his consent.

On February 10, 1999, defendants CDC and Michael Mays removed the action to this Court on the grounds that plaintiff's claim under Section 1983 presented a federal question. The CDC and Michael Mays declared that, as of that date, service of process had not been effected on the other individual defendants.

On May 14, 1999, the CDC and Michael Mays filed their first motion to dismiss based in part on the CDC's asserted immunity from suit under the Eleventh Amendment. On June 21, 1999, plaintiff moved to file an FAC. Noting that no defendant had yet filed a responsive pleading, and that plaintiff therefore was entitled to one amendment as of right, the Court granted plaintiff's motion on July 1, 1999. Accordingly, the motion of the CDC and Michael Mays was denied without prejudice.

On July 2, 1999, plaintiff filed the FAC. It is substantially identical to the original complaint except that at Claim 2, in place of plaintiff's original cause of action under Section 1983, it substitutes a cause of action based on Title VII (42 U.S.C. §§ 2000e, 2000e–2, and 2000e–3).

On July 12, 1999, defendants CDC and Michael Mays filed the instant motion to dismiss Claims 1, 3, 4, 5, and 6 as against the CDC and as against Mays in his official capacity. As with the first motion to dismiss, this motion is based on the CDC's asserted Eleventh Amendment immunity from suit in the federal courts. Defendants also move to dismiss Claim 2 as against Michael Mays in his individual capacity on the grounds that Title VII does not impose liability on the individual agents of defendant employers.

The motion of defendants CDC and Michael Mays was set on the Court's hearing calendar for September 13, 1999. On July 31, 1999, plaintiff filed opposition. Defendants filed their reply on September 3, 1999. On September 7, 1999, the Court

found the matter appropriate for submission on the papers without oral argument.

By November 11, 1999, service of the FAC had been effected on defendants Hugh Watkins, Ken Ford, Regina Stevens, and Levan Bell. On that date, those defendants filed a motion substantially identical to that of defendant Michael Mays. The matter was set for hearing on December 13, 1999. Plaintiff filed opposition on November 30, 1999, and Defendants filed their reply on December 6, 1999. On December 9, 1999, the Court found the matter appropriate for submission on the papers without oral argument.

## III.

### *DISCUSSION*

**A. Eleventh Amendment Immunity**

■ In recent cases, the United States Supreme Court has articulated an expansive conception of the constitutional underpinnings of state sovereign immunity. *See, e.g., Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Although the states' immunity from suit in the federal courts is commonly called "Eleventh Amendment immunity," the Supreme Court's recent decisions reaffirm a traditional view that the Eleventh Amendment did not create that immunity, but instead merely "overruled" *Chisholm v. Georgia,* 2 U.S. (2 Dall.) 419, 437–46, 1 L.Ed. 440 (1793), an early decision holding that such immunity did not exist. *See id.; see also Hans v.. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890) (first articulating theory that Eleventh Amendment merely "overruled" *Chisholm* ). Consequently, the Eleventh Amendment is now viewed as having restored a principle that

was inherent in the Founder's original understanding of our constitutional framework—namely that, as part of their retained sovereignty, the states are immune from suit by individual citizens except to the extent that the states voluntarily waive their immunity. *See Alden,* 119 S.Ct. at 2251. That principle is broader than the literal terms of the Eleventh Amendment itself.

Seventy years after the adoption of the Eleventh Amendment, the ratification of the Fourteenth Amendment established a narrow limitation to the states' constitutionally-grounded sovereign immunity. Under Section 5 of the Fourteenth Amendment, Congress has the power to abrogate state immunity by creating private causes of action against the states to redress Fourteenth Amendment violations. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Together, voluntary waiver and valid abrogation pursuant to Section 5 of the Fourteenth Amendment constitute the only circumstances under which individuals may directly sue states in federal court. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).[1]

In this case, Defendants concede that plaintiff's Title VII claim (Claim 2) is brought pursuant to a valid abrogation of state immunity. *See Fitzpatrick v. Bitzer,* 427 U.S. at 447–48, 96 S.Ct. 2666. Claims 1, 3, 4, 5, and 6, however, are founded on state-law causes of action and may be asserted in this Court against the CDC only to the extent that the CDC has waived its immunity from suit.[2]

1. Private litigants may, of course, obtain injunctive relief against state officials under the doctrine of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Such suits, however, are not brought against the state itself. "Indeed, the basic rationale behind the *Ex Parte Young* doctrine is to allow parties to enforce their federal rights in state or federal court by suing government officials for prospective relief, because the state itself cannot

be sued without its consent." *In re Mitchell,* 209 F.3d 1111, 1120 (9th Cir. Apr.21, 2000).

2. It is beyond dispute that the CDC is an arm of the State of California and, as such, is presumptively entitled to Eleventh Amendment immunity. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).

■ Generally, a state will be found to have waived its Eleventh Amendment immunity under either of two circumstances. First, the state may make a clear and unequivocal declaration that it intends to submit to the jurisdiction of a federal court; a general legislative waiver of sovereign immunity is not sufficient for these purposes. *See College Sav. Bank,* 119 S.Ct. at 2226; *Port Auth. Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 306–07, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990). Second, the state may "voluntarily invoke the jurisdiction" of the federal court by, e.g., defending an action in federal court and "voluntarily submitting its rights to judicial determination" by the federal tribunal. *See College Sav. Bank,* 119 S.Ct. at 2226; *Gunter v. Atlantic Coast Line R.R. Co.,* 200 U.S. 273, 284, 26 S.Ct. 252, 50 L.Ed. 477 (1906).

Plaintiff contends that the CDC waived the immunity it would enjoy as an arm of the State of California through the act of voluntarily removing this action to federal court. In effect, plaintiff argues that the act of removal constituted the second form of waiver discussed above—a voluntary invocation of federal jurisdiction with the intent to submit the state's rights to adjudication in the federal forum. The question whether this Court may assert jurisdiction as to Claims 1, 3, 4, 5, and 6 of the FAC thus reduces to the question whether, by removing this action to federal court on the basis of the federal question presented in Claim 2, the CDC may be viewed as having voluntarily submitted to a federal adjudication of its rights with respect to all of plaintiff's claims.[3]

In assessing plaintiff's argument, the Court is guided by two considerations. First, as noted above, recent developments in the Supreme Court's Eleventh Amendment jurisprudence evince a renewed emphasis on the importance of state sovereign immunity within our constitutional framework. The Court's decision in *College Savings Bank* exemplifies this trend. In that case, the Supreme Court overruled the "constructive waiver" doctrine and explained that Congress does not have the power to exact a "voluntary" waiver of Eleventh Amendment immunity as the price for allowing states to participate in otherwise lawful activity. *See College Sav. Bank,* 119 S.Ct. at 2231 (overruling *Parden v. Terminal R. of Ala. Docks Dep't,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964)). Although the overruling of *Parden* does not bear directly on whether a state waives its Eleventh Amendment immunity by removing a case to federal court, it suggests that the lower courts should be slow to impose an "implied" waiver of sovereign immunity as the price for allowing a state to exercise any of its rights—including its statutory right of removal under 28 U.S.C. § 1441.

Second, relevant case law makes it clear that in determining whether a state has "voluntarily invoked the jurisdiction" of a federal court, the most important factor to consider is whether the state has actively litigated the merits of its case before the federal tribunal. *See Gunter,* 200 U.S. at 289, 26 S.Ct. 252 (defense of lawsuit on merits); *Clark v. Barnard,* 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780 (1883) (state as interpleader claimant); *Hill v. Blind Indus. and Servs. of Md.,* 179 F.3d 754 (9th Cir.1999) (participation in extensive pretrial activities and assertion of immunity at first day of trial), *amended,* 201 F.3d 1186, 2000 WL 95898 (9th Cir. Jan.31, 2000); *Sutton v. Utah State School for the Deaf and Blind,* 173 F.3d 1226 (10th Cir.1999) (removal followed by defense on the merits); *Gallagher v. Continental Ins. Co.,* 502 F.2d 827 (10th Cir.1974) (removal followed by defense on the merits).

---

3. Relevant case law strongly suggests the propriety of assessing defendants' assertion of Eleventh Amendment immunity on a claim-by-claim basis rather than with regard to plaintiff's case as a whole. *See Mitchell,* 209 F.3d 1111; *Kruse v. Hawai'i,* 68 F.3d 331 (9th Cir.1995).

■ The reason for construing a state's decision actively to litigate its case as an implied waiver of immunity is clear. If a state were allowed first to litigate the merits of its case but then to assert immunity after becoming dissatisfied with the proceedings, the state could make unfair offensive use of its Eleventh Amendment shield. Such conduct would "undermine the integrity of the judicial system." *Hill,* 179 F.3d at 756. When a state seeks to abuse its Eleventh Amendment immunity merely to obtain an improper tactical advantage, the federal courts may prevent that abuse by construing the state's earlier invocation of federal jurisdiction as an implied waiver of the state's Eleventh Amendment rights.

After careful consideration of the foregoing points, the Court concludes that the act of removing a case to a federal forum does not automatically waive a state's Eleventh Amendment immunity with respect to all of the claims in the case. Where the state has removed a case to federal court in order to ensure that the federal claims in the case are adjudicated by a federal tribunal, but has all the while made clear its intention to assert sovereign immunity as to the other, state-law claims, the state has not unequivocally indicated its consent to have the state-law claims adjudicated in a federal forum.[4] Nor has the state been guilty of the kind of abusive tactical maneuvering that would make it proper for a court to find an "implied" waiver of immunity with respect to the state-law claims. Bearing these facts in mind, this Court now joins the other district courts that have held that a state does not automatically waive its sovereign

immunity merely by the act of removal. *See, e.g., Neiberger v. Hawkins,* 70 F.Supp.2d 1177 (D.Colo. 1999) (removal of a case to federal court does not constitute a full waiver of Eleventh Amendment immunity when, upon removal, the state expressly reserves its Eleventh Amendment rights).[5] This conclusion is consistent with recent Ninth Circuit precedent regarding the implied waiver of Eleventh Amendment immunity in other litigation contexts. *See In re Mitchell,* 209 F.3d 1111, 1117–18 (9th Cir.2000) (holding that state tax agencies did not waive Eleventh Amendment immunity in adversary proceedings brought by bankruptcy debtor where agencies delayed one month in asserting immunity as to one of debtor's claims; "integrity of judicial process" was not undermined).

■ In the case at bar, plaintiff filed a complaint against the CDC in state court, and the CDC removed. Within less than three months, before litigating any issue on the merits, defendants' first motion to dismiss made clear the CDC's intention to assert Eleventh Amendment immunity. Although the CDC's first motion was mooted by plaintiff's filing of the FAC, the CDC renewed its claim of sovereign immunity through its second motion to dismiss. The CDC did not postpone its assertion of Eleventh Amendment immunity until after becoming dissatisfied with the course of pretrial proceedings or trial. The CDC has merely sought to ensure that the federal claims asserted against it will be adjudicated in a federal forum. In light of the principles outlined above, the Court concludes that the CDC has not waived its

---

**4.** Under 28 U.S.C. § 1441, only whole "civil actions" may be removed. The removal defendant may not limit removal to specific claims.

**5.** The Court recognizes that there is some authority for the proposition that a state's voluntary removal of a case to federal court may constitute an automatic waiver of Eleventh Amendment immunity. *See Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 393, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998)

(Kennedy, J., concurring); *California Mother Infant Prog. v. California Dep't of Corrections,* 41 F.Supp.2d 1123 (S.D.Cal.1999). However, these opinions issued prior to recent decisions in which the Supreme Court has articulated an expanded conception of state sovereign immunity. *See, e.g., Alden,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *College Sav. Bank,* 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).

Eleventh Amendment immunity with respect to Claims 1, 3, 4, 5, and 6 of the FAC. Accordingly, those claims may not be brought in federal court either against the CDC or against the individual defendants in their official capacities.

## B. Remand of State–Law Claims against CDC

■ Having concluded that Claims 1, 3, 4, 5, and 6 of the FAC may not be asserted against the CDC in federal court, the Court turns to the proper disposition of those claims. Although defendants request that the claims be dismissed, it is well-settled that the preferable course of action is to remand those claims barred by the Eleventh Amendment to the state court from which they were removed. *See Gamboa v. Rubin*, 80 F.3d 1338 (9th Cir. 1996); *Roach v. West Virginia Reg'l Jail and Correctional Facility Auth.*, 74 F.3d 46 (4th Cir.1996); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332 (6th Cir.1990); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3524 (Supp. 1999). Accordingly, defendants' motion to dismiss Claims 1, 3, 4, 5, and 6 is denied. To the extent that those claims are asserted against the CDC or against the individual defendants in their official capacities, they are remanded to Los Angeles County Superior Court.

## C. Individual Liability under Title VII

It is firmly established that liability under Title VII is limited to employers and does not extend to an employer's individual agents. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583 (9th Cir.1993). Accordingly, Claim 2 must be dismissed with prejudice as against the individual defendants.

## D. Remand of State–Law Claims against Individual Defendants

■ Having dismissed Claim 2 as against the individual defendants, the Court finds it inappropriate to exercise supplemental jurisdiction over the state-law claims brought against those defendants in their personal capacities. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the Court concludes that, to the extent Claims 1, 3, 4, 5, and 6 are asserted against the individual defendants in their personal capacities, those claims also should be remanded.

## IV.

## *CONCLUSION*

For the reasons set forth above, Claims 1, 3, 4, 5, and 6 of the FAC may not be asserted in federal court against the CDC or against the individual defendants in their official capacities. Moreover, there is no reason to retain supplemental jurisdiction over those claims to the extent that they are asserted against the individual defendants in their personal capacities. Accordingly, those claims are ordered remanded to state court forthwith.

Claim 2 of the FAC fails to state a cause of action against the individual defendants. Claim 2 is therefore dismissed with prejudice as against the individual defendants. The Court retains jurisdiction over Claim 2 of the FAC only as against the CDC.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Amended Order on counsel for all parties, and upon the Clerk of the Los Angeles County Superior Court for filing in Case No. TC 011839.