**Anh T. TU, Rhoda Wallace, Plaintiffs,**

v.

**UCSD MEDICAL CENTER, et al., Defendant.**

**No. 02–CV–0230W(RBB).**

United States District Court, S.D. California.

March 15, 2002.

**1128**

Gideon E. Sinasohn, Law Offices of Gideon E. Sinasohn, San Diego, CA, for Plaintiffs.

Claudette G. Wilson, Wilson, Petty, Kosmo & Turner, San Diego, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

WHELAN, District Judge.

Defendant Regents of the University of California (erroneously sued as UCSD Medical Center) ("Defendant") moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Anh T. Tu and Rhoda Wallace ("Plaintiffs") oppose. All parties are represented by counsel. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1).

### I. Background

Plaintiffs were Clinical Laboratory Scientists in Defendant's San Diego Microbiology Department. Plaintiff Tu is an Asian female, and Plaintiff Wallace is an African–American female. Plaintiffs allege that Defendant's failure to promote them to Clinical Laboratory Technician Specialists when positions became available was discriminatory. Plaintiff Tu continues to work for UCSD. In April 2001, Plaintiff Wallace resigned.

On December 26, 2001 Plaintiffs filed a complaint in San Diego County Superior Court alleging eight causes of action: (1) discrimination in violation of Title VII; (2) violation of 42 U.S.C. § 1981; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) intentional infliction of emotional distress ("IIED"); (6) negligent infliction of emotional distress ("NIED"); (7) constructive wrongful termination in violation of public policy (as to Plaintiff Wallace only); and (8) failure to prevent discrimination and harassment (Cal.Gov.Code § 12940(k)).

On February 6, 2002 Defendants removed the action to this Court. Defendant now seeks to dismiss the second, third, fourth, fifth and sixth claims for relief.

### II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *See North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim under this Rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1482 (9th Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984); *Neitzke v. Williams,* 490 U.S. 319, 326–327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must

assume the truth of all factual allegation and must construe them in the light most favorable to the non-moving party. *North Star*, 720 F.2d at 580. Legal conclusions need not be taken as true merely because they are case in the form of factual allegations. *Western Mining Council v, Watt*, 643 F.2d 618, 624 (9th Cir.1981); *see also In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir.1993).

### III. ANALYSIS

Defendant argues the second through sixth causes of action should be dismissed under Rule 12(b)(6). Because Plaintiffs' second, third, fourth, and sixth claims fail as a matter of law, the Court agrees that dismissal is warranted. However, the Court finds that Plaintiffs' fifth claim satisfies federal pleading requirements. The Court will separately address each claim in turn.

### A. PLAINTIFFS' SECOND CAUSE OF ACTION IS BARRED BY THE ELEVENTH AMENDMENT.

■ Plaintiffs' second claim seeks relief for Defendant's alleged violation of 42 U.S.C. § 1981, which mandates equal rights under the law.[1] Defendant contends that Plaintiffs' § 1981 claim is barred by state sovereign immunity. Plaintiffs counter that Defendant's removal to federal court waived Defendant's sovereign immunity.

■ Sovereign immunity protects a State from private suits commenced by individuals. *See* U.S. Const., Amdt. 11. As the Supreme Court noted, "Congress lacks power under Article I to abrogate the States' sovereign immunity from suits commenced or prosecuted in the federal

courts." *See Alden v. Maine*, 527 U.S. 706, 712, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *see also Seminole Tribe v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). State sovereign immunity is not only an essential part of the Eleventh Amendment, but also is broader than the amendment's literal terms. *See Alden*, 527 U.S. at 713, 119 S.Ct. 2240 ("the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment."). State sovereign immunity waivers require either state consent or Congressional abrogation. *See College Sav. Bank v. Florida Prepaid Postsecondary Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). Moreover, "[c]ourts indulge in every reasonable presumption against waiver of fundamental constitutional rights. State sovereign immunity, no less than the right to trial by jury in criminal cases, is constitutionally protected." *Id.* at 682, 119 S.Ct. 2219. As the Central District noted in an analogous case, "relevant case law makes it clear that in determining whether a state has 'voluntarily invoked the jurisdiction' of a federal court, the most important factor to consider is whether the state has actively litigated the merits of its case before the federal tribunal." *Watkins v, California Dept. of Corrections*, 100 F.Supp.2d 1227, 1230 (C.D.Cal.2000) (reviewing Supreme Court and Ninth Circuit cases). A state's failure to actively litigate a case's merits mitigates fears that immunity is being used "to obtain a tactical advantage." *Id.* at 1231.

The Court finds that Defendant is entitled to sovereign immunity on Plaintiffs' § 1981 claim because Defendant did not

---

**1.** More specifically, 42 U.S.C. § 1981 states that "[a]ll person within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exaction of every kind, and to no other." 42 U.S.C. § 1981(a).

actively litigate this claim prior to, or even after, removal to this Court. The rationale behind this rule is clear: "[i]f a state were allowed first to litigate the merits of its case but then to assert immunity after becoming dissatisfied with the proceedings, the state could make unfair offensive use of its Eleventh Amendment shield. Such conduct would 'undermine the integrity of the judicial system.'" *Id.* (citing *Hill v. Blind Indus. and Servs. of Md.*, 179 F.3d 754, 756 (9th Cir.1999)).

■ In this case, Defendant has made no attempt to litigate the § 1981 claim. Indeed, Defendant has made every effort to notify opposing counsel of Defendant's sovereign immunity rights *before* filing the present motion to dismiss. (*Kalt Decl.Ex. 1 attached thereto.*) If Defendant had attempted to litigate the § 1981 claim, and then asserted sovereign immunity after an adverse judgment, this Court would unequivocally agree that Defendant had waived its immunity. However, these are not the facts before the Court. Here, there is simply no allegation to suggest that Defendant ever litigated the merits of Plaintiff's § 1981 claim. Consistent with this Court's duty to make all presumptions in favor of immunity, this Court finds that removal alone does not constitute a waiver of sovereign immunity. *See College Sav. Bank*, 527 U.S. at 682, 119 S.Ct. 2219. Defendant is protected from any liability on Plaintiffs' § 1981 claim by way of sovereign immunity. As such, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' second cause of action. The claim is dismissed with prejudice.[2]

**B. PLAINTIFFS' FIFTH CAUSE OF ACTION SATISFIES FEDERAL PLEADING REQUIREMENTS.[3]**

■ Defendant next seeks dismissal of Plaintiffs' claim for intentional infliction of emotional distress ("IIED") based on Plaintiffs' alleged failure to plead "outrageous conduct." Defendant further argues that California state courts have adopted a heightened pleading standard examining the sufficiency of IIED allegations. As this Court has previously noted, "[w]here state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules—not state law." *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018 (S.D.Cal.2000) (citing *Hanna v. Plumer*, 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)).

■ California's heightened pleading standard irreconcilably conflicts with Rule 8 of the Federal Rules of Civil Procedure—the provisions governing the adequacy of pleadings in federal court. *See, e.g., Bureerong v. Uvawas*, 922 F.Supp. 1450, 1480 (C.D.Cal.1996). Specifically, Rule 8(a) requires only that Plaintiff's Complaint include "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief, and ... a demand for judgment for the relief [he] seeks." Fed. R.Civ.P. 8(a). Therefore, Plaintiffs herein need not adhere to California's heightened pleading standard with respect to the IIED claim.

■ Having thoroughly reviewed the allegations presented, the Court finds

2. Plaintiffs argue that if this Court finds immunity, then remand is appropriate. The Court disagrees. Claims barred by state sovereign immunity in federal courts are equally barred in state courts. *See, Alden*, 527 U.S. at 709, 119 S.Ct. 2240 ("No constitutional precept would admit of a congressional power to require state courts to entertain federal suits which are not within the United States' judicial power and could nor be heard in federal courts.").

3. Plaintiffs do not oppose dismissing the third and fourth causes of action. (*Pl.Opp.P.2*). The Court therefore **DISMISSES** the third and fourth claims with prejudice.

that Plaintiffs have satisfied Rule 8's liberal pleading requirements. Plaintiffs need not provide every detail on which they base their claim; rather, they need only provide a claim for relief and its grounds. *See Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir.2001). In the present case, Defendant is on notice that Plaintiffs' IIED claim is largely based on Defendant's alleged discriminatory conduct. Assuming the allegations are true, as the Court must in a motion to dismiss, the Court finds that Plaintiffs have stated sufficient facts to potentially support a valid IIED claim. The Court therefore **DENIES** Defendant's motion to dismiss the fifth claim for relief.

### C. *PLAINTIFFS' SIXTH CLAIM FAILS AS A MATTER OF LAW.*

 Finally, Plaintiffs seek recovery for negligent infliction of emotional distress ("NIED"). In order to state a claim for NIED, Plaintiffs must point to *negligent* conduct that fundamentally caused the harm. *See Molien v. Kaiser Foundation Hospitals,* 27 Cal.3d 916, 921, 167 Cal.Rptr. 831, 616 P.2d 813 (1980). Employment decisions are inherently *intentional. See Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 160, 233 Cal.Rptr. 308, 729 P.2d 743 (1987). As the Northern District stated, "where the conduct is intentional, it cannot be used as the basis for a negligent infliction of emotional distress claim." *Edwards v. U.S. Fidelity & Guar. Co.,* 848 F.Supp. 1460, 1466 (N.D.Cal.1994) *aff'd* 74 F.3d 1245, 1996 WL 2208 (9th Cir.1996).

In this case, Plaintiffs' proposed NIED claim deals exclusively with prior and intentional employment decisions. There are simply no facts which would implicate negligence of any kind on behalf of Defendant. Because Plaintiff can plead no set of facts in support of this claim, Plaintiffs' sixth claim fails as a matter of law. *See Levine,* 950 F.2d at 1482. Accordingly, the Court **DISMISSES** Plaintiffs' sixth claim with prejudice and without leave to amend.

### IV. *CONCLUSION AND ORDER*

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss on the second, third, fourth and sixth claims, and **DENIES** Defendant's motion to dismiss Plaintiffs' fifth claim. (Doc. No. 2.) Plaintiffs may file and serve a First Amended Complaint consistent with the terms of this order no later than *March 29, 2002.*

**IT IS SO ORDERED.**